UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

THOMAS VICTORIA,

                Defendant-Petitioner,

    vs.                                              07 Civ. 7911 (SCR)(GAY)

UNITED STATES OF AMERICA,

------------------------------------------------------------------------x

## **REPORT-RECOMMENDATION**

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

  I. <u>Background</u>

On or about May 2003, petitioner Thomas Victoria was charged in an indictment in the Southern District of New York with conspiracy to distribute more than 5 kilograms of cocaine from on or about February 2002 through May 2003, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A) and 846. On November 12, 2003, pled guilty pursuant to a written plea agreement before United States Magistrate Judge Lisa Margaret Smith, to Count One of a superseding information charging him with the same cocaine conspiracy that was in the original indictment. The plea agreement contained a waiver of the right to appeal or collaterally attack a sentence within or below the stipulated Sentencing Guideline range of 151 to 188 months. Victoria was represented by attorney William Alford at his guilty plea. Attorney Alford was replaced by attorney Patrick Burke after the guilty plea, but prior to sentencing. On March 30, 2005, U.S. District Judge Stephen C. Robinson sentenced Victoria principally

to a term of 178 months imprisonment.  No notice of appeal was filed.

On or about September 28. 2006, Victoria filed a "Motion for a Delayed Notice of Appeal Due to Ineffective Assistance of Counsel" along with a request for counsel to represent him on appeal.  Victoria contended in said motion that he should be allowed to file a late notice of appeal because he requested his counsel to file an appeal; said counsel advised him that he would file an appeal challenging the sentence; and an appeal was not filed.  Victoria also alleged in the motion that he sent multiple letters to his attorney and the Court seeking the necessary documents need to file a motion pursuant to Title 28, United States Code, Section 2255 on the grounds of ineffective assistance of counsel.  He contends that the failure of his counsel and the Court to respond to his requests for documents caused him to miss his one year deadline for filing the Section 2255 motion.  Victoria attached several of the referenced letters to his motion.  By Order dated January 16, 2007, Judge Robinson denied the motion.

II.  <u>The Section 2255 Motion</u>

On or about August 1, 2007, Victoria filed *pro se* a "Motion Under 28 USC § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody."  The Government responded to the motion by letter brief dated November 19, 2007.  Victoria then served a reply brief on or about December 10, 2007.

Victoria argues that his attorney violated his Sixth Amendment right to effective assistance of counsel by failing to follow his instruction to file a notice of appeal. Victoria asserts that he requested counsel to raise issues on appeal concerning the sentence that he received.  He requests the Court to vacate his judgment of conviction to allow a notice of appeal to be filed after a new judgment is entered.  Victoria relies on

Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006)("where counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit")(citation omitted). The Government opposes the petition as untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA required Victoria to file his Section 2255 petition within one year from the date his judgment of conviction became final.  28 U.S.C. § 2255.  An unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires. Mosher v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  It is undisputed that Victoria's judgment of conviction was entered on March 30, 2005.  It has also not been disputed that his conviction became final for AEDPA purposes on April 13, 2005, the date his time to file a direct appeal expired.  As such, the one year period for Victoria to file his Section 2255 petition expired on April 13, 2006.  Victoria did not file his petition until on or about August 1, 2007, well beyond the one year period allowed by AEDPA.

As noted by the Government, Victoria does not explain in this Section 2255 motion why he filed said petition so late.  However, in the above-mentioned motion to file a "Delayed Notice of Appeal" Victoria claimed that he missed the deadline for filing his Section 2255 petition because he was seeking to obtain documents relating to his case; and did not receive timely responses to his requests from his attorney or the Court.  To the extent that Victoria argues herein that the AEDPA deadline should be equitably tolled, said claim should be rejected.  Equitable tolling applies only in "rare and exceptional circumstances" in habeas cases.  Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001)(internal quotations and citation omitted).  Petitioner Victoria would have

to establish that "extraordinary circumstances prevented him from filing his petition on time" and that he "acted with reasonable diligence throughout the period he seeks to toll." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004), cert. denied, 546 U.S. 961 (2005).

The Second Circuit has recognized only a limited number circumstances that may warrant equitable tolling "such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary...and where officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers." Id. (citations omitted). The inability to obtain court documents due to the routine restrictions of prison life does not constitute extraordinary circumstances. Thomas v. Walsh, No. 03 Civ. 4662, 2005 WL 1621341 at *3 (S.D.N.Y. July 12, 2005); Davis v. McCoy, No. 00 Civ. 1681, 2000 WL 973752 (S.D.N.Y. July 14, 2000)(prisoner's lack of access to court papers for two years did not constitute extraordinary circumstances); See also Padilla v. United Sates, No. 02 Civ. 1142, 2002 WL 31571733 at *4 (S.D.N.Y. Nov. 19, 2002)("Even if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling.") Moreover, Victoria would have to demonstrate that his inability to obtain the documents that he sought prevented him from filing the Section 2255 petition. Bell v. Herbert, 476 F.Supp 2d 235, 247-48 (W.D.N.Y. 2007)(citing cases denying equitable tolling where petitioners did not need lost papers, trial transcripts, and other records to file their habeas petitions).

Here, Victoria has not established that his inability to obtain the records that he sought from his attorney and the Court prevented him from filing his petition. The

Court concludes that the Section 2255 petition herein could have been readily filed prior to the April 13, 2006 deadline notwithstanding Victoria not being able to obtain the records that he sought. The sole ground raised in the petition was that his counsel was ineffective in failing to file an appeal of his sentence that was requested. Victoria clearly did not need the documents that he was requesting to do so.

The Court concludes that the AEDPA one year deadline for filing the petition herein had long expired and equitable tolling is not justified here.

III. Conclusion

It is respectfully recommended that Victoria's Section 2255 motion should be denied and the petition dismissed.

IV. Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended and Rule 72(b), Fed.R.Civ.P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. *See Fed.R.Civ.P. 6(d).* Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caldor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008). Requests for extensions of time to file

to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: April 13, 2009
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J..